CITY ORDINANCES — PUBLICATION IN NEWSPAPER Title 11 O.S. 579 [11-579], 11 O.S. 579.1 [11-579.1], 11 O.S. 579.2 [11-579.2] and 11 O.S. 1004 [11-1004] (1971) do not require the publication of ordinances be in a legal newspaper when there is not published within such city or town such newspaper, but, such publication may be provided by a newspaper having a general circulation within such city or town or may be posted as provided by statute. The Attorney General's office is in receipt of your opinion request wherein you ask, in effect, the following question: Whether, under the provisions of 11 O.S. 579 [11-579], 11 O.S. 579.1 [11-579.1], 11 O.S. 579.2 [11-579.2] and 11 O.S. 1004 [11-1004] and/or other statutes, a town is required to publish its ordinances or revisions of ordinances or codes in a legal newspaper as set out by statute, or is it permitted for a town to post new ordinances, revisions, etc. when there is a legal newspaper in the county and serving said town? Title 11 O.S. 579 [11-579] (1971) deals with the style and publication of ordinances in cities and towns. Section 11 O.S. 579 [11-579] states: "Except as provided in Section 2, hereof, the style of all ordinances in cities and towns of the State of Oklahoma shall be: Be it ordained by the mayor and councilmen of the city of, if a city; and the Board of Trustees of the town of, if a town and all ordinances shall be published in full except as provided in Section 2 hereof as soon as practicable after they are passed in some legal newspaper of general circulation published within such city or town, or if no newspaper be published in said city or town, then in some newspaper having a general circulation therein, or by ten (10) written or printed handbills posted up at as many public places, or in pamphlet form to be distributed or sold, as may be provided by ordinance; . . ." Section 11 O.S. 579.1 [11-579.1] of Title 11 deals with publication of title and condensed summary of certain ordinances. Section 11 O.S. 579.1 [11-579.1] states: "Ordinances which are compilations of rules and regulations related to traffic, building, plumbing, electrical wiring, fire prevention, inflammable liquids, the production, pasteurizing and sale of milk and milk products, and protection of the public health, if passed with the emergency clause attached, may be published by title and a condensed gist or summary of the contents thereof in a newspaper as provided in Section 1, hereof. Provided, at least three (3) copies of each such ordinance are filed in the office of the city or town clerk and there kept for public use, inspection and examination. Publication of such ordinances in the manner provided herein shall be deemed a legal publication." Section 579.2 deals with the publication or posting of other ordinances. Section 11 O.S. 579.2 [11-579.2] states: "All ordinances duly passed by the legislative bodies of cities and towns except as otherwise provided in Section 2 hereof shall be published in a legal newspaper having general circulation in city or town. Unless published or posted as required by law, same shall be null and void." Title 11 O.S. 1004 [11-1004] (1971) enumerates the power of town board of trustees. Subsection 17 of Section 11 O.S. 1004 [11-1004](17) states: "To make and establish such bylaws, ordinances, and regulations, not repugnant to the laws of this State, as may be necessary to carry into effect the provisions of this chapter, and to repeal, alter, or amend the same as they shall seem to the board of trustees of such town to require, but every bylaw, ordinance or regulation, unless in the case of emergency, shall be published in a newspaper of such town, if one be printed therein, or posted in five public places, at least ten days before the same shall take effect." Applying the plain meaning rule as cited in McVicker v. County Commissioners of Caddo County, 442 P.2d 297 (1968), where it is stated: "All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretive devices to fabricate a different meaning." It is clear that the statutes require that ordinances be published as soon as practicable, in some legal newspaper of general circulation published within such city or town. If there is no such legal newspaper published in said city or town, then said publication is to take effect by having it published in a newspaper having a general circulation in such city or town or by ten written or printed handbills posted up at as many places, or in pamphlet form to be distributed or sold, as may be provided by statute. However, there is an exception for the publication of certain ordinances as provided in Section 579.1, which section refers back to Section 579 for the procedural aspects of publication. The apparent conflict arises in reading subsection 17 of Section 1004, wherein it is required that ordinances be published in newspaper of such town, if one be printed therein, or posted in five public places, whereas Section 579 of Title 11 provides the number of handbills or written notices necessary for a valid publication of said ordinances. A close reading of Section 11 O.S. 579 [11-579] and Section 11 O.S. 1004 [11-1004](17) it is clear that such sections do not conflict, in any regard. It is, therefore, the opinion of the Attorney General that your question should be answered in the negative in that 11 O.S. 579 [11-579], 11 O.S. 579.1 [11-579.1], 11 O.S. 579.2 [11-579.2] [11-579.2] and 11 O.S. 1004 [11-1004] do not require the publication of ordinances be in a legal newspaper when there is not published within such city or town such newspaper, but, such publication may be provided by a newspaper having a general circulation within such city or town or may be posted as provided by statute. (Donald B. Nevard)